USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/04/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIDWOOD JUNCTION, LLC,

        Plaintiff,

v.

PUERTA DEL SOL INTERNATIONAL
INVESTMENT, S.A.,

        Defendant.

---

No. 15-CV-5181 (RA) (SN)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Midwood Junction, LLC ("Midwood") filed this breach of contract action against Defendant Puerta del Sol International Investment, S.A. ("PDS") on July 2, 2015. The case arises out of a credit assignment agreement (the "Agreement") dated December 26, 2013 between the Export-Import Bank of the United States ("Ex-Im Bank") and PDS. Pl.'s Proposed Findings of Fact and Conclusions of Law Ex. 1. Pursuant to the terms of the Agreement, PDS was required to pay Ex-Im Bank (1) $900,000 at the time the Agreement was signed, (2) $175,000 on June 30, 2014, and (3) $175,000 on December 30, 2014. *Id.* at 5. PDS failed to make the second and third payments. Compl. ¶ 11. On March 3, 2015, Ex-Im Bank assigned its rights under the Agreement to Utrecht, S.R.L. ("Utrecht"). *Id.* ¶ 13; Pl.'s Proposed Findings of Fact and Conclusions of Law Ex. 2. On May 15, 2015, Utrecht assigned the rights to Midwood. Compl. ¶ 15; Pl.'s Proposed Findings of Fact and Conclusions of Law Ex. 3.

    PDS failed to answer or otherwise respond to the Complaint. On February 11, 2016, the Court granted Midwood's request for a default judgment, and referred the case to the Honorable Sarah Netburn, United States Magistrate Judge, for a damages inquest. Judge Netburn conducted

an inquest and issued a Report and Recommendation (the "Report") on December 5, 2016. Midwood filed proof of service of the Report on February 17, 2017. Because neither party filed a timely objection to the Report, the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Borcsok v. Early*, 299 Fed. App'x 76, 77 (2d Cir. 2008) (summary order); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 339–40 (S.D.N.Y. 2014).

Having reviewed the Report for clear error, the Court adopts it with one small modification. Under the terms of the Agreement, PDS's third payment was due on December 30, 2014, not December 3, 2014. *See* Pl.'s Proposed Findings of Fact and Conclusions of Law Ex. 1, at 5.[1] Accounting for this minor error, but otherwise adopting the well-reasoned Report in its entirety, the Court awards Midwood: (1) $350,000 in breach of contract damages; (2) prejudgment interest on $175,000 at a rate of 5% per year from June 30, 2014 until the date of judgment; (3) prejudgment interest on $175,000 at a rate of 5% per year from December 30, 2014 until the date of judgment; (4) attorneys' fees in the amount of $28,925; and (5) reimbursement of costs and disbursements in the amount of $6,831.11.

SO ORDERED.

Dated: May 4, 2017
New York, New York

Ronnie Abrams
United States District Judge

---

[1] This error appears to have originated from Midwood's Complaint and Proposed Findings of Fact and Conclusions of Law. *See* Compl. ¶ 10; Pl.'s Proposed Findings of Fact and Conclusions of Law at 4–5.